## UNITED STATES v. CARPENTER et al.

District Court, S. D. New York.

April 9, 1942.

Mathias F. Correa, U. S. Atty., of New York City (Jerome H. Doran, Asst. U. S. Atty., of New York City, of counsel), for the United States.

Wellman, Smyth, Lowenstein & Fennelly, of New York City (Leo C. Fennelly, of New York City, of counsel), for defendants.

MOSCOWITZ, District Judge.

The defendants Robert E. Rew, James Henry Ferdon Saier and Robert E. Rew & Co., Inc., have demurred to the indictment herein on the following grounds:

"1. That none of the counts of the indictment state facts sufficient to constitute a crime against the United States in that the first three counts fail to state facts constituting a scheme to defraud, and that the fourth count fails to state facts constituting a conspiracy.

"2. That each count of the indictment is so vague, indefinite and uncertain that it prevents the defendants from making a defense, and fails to protect the defendants against being twice put in jeopardy for the same offense."

The indictment charges that the defendants used the mails to defraud, in violation of Title 18, Section 338, U.S.C.A., and in violation of 15 U.S.C.A. § 77q(a), and with a conspiracy to violate both of these sections.

■ An indictment is insufficient unless it advises the defendant of the charge which he is required to meet. The indictment should charge the defendant with sufficient particularity so as to enable him in a subsequent prosecution for the same offense to set up his conviction or acquittal as a plea in bar. Fontana v. United States, 8 Cir., 262 F. 283.

■ In order to assert a crime for using the mails to defraud the government is required to prove a scheme to defraud and the use of the mails in furtherance thereof.

The indictment here charges that beginning on or about May 1, 1937, and up to the time of the filing of the indictment March 6, 1942, the defendants induced their victims by false and fraudulent representations, pretenses and promises to part with their money and property in the purchase of fractional undivided interests in oil and gas leases.

The indictment further states that it was a part of the scheme in order to defraud that the defendants would induce and attempt to induce their victims by mail, telephone and personal interviews to purchase the fractional undivided interests in oil and gas leases by, among other things, representing:

"That the Dahlgren lease owned by Archie H. Carpenter, a defendant herein, was in proven territory;

"That the Dahlgren lease owned by Archie H. Carpenter, a defendant herein, was surrounded by producing oil wells owed by the major oil companies;

"That defendants would sell the victims fractional undivided interests in oil bearing properties;

"That the victims would receive a monthly income from the purchase of said fractional undivided interests in oil and gas properties;

"That defendants were investing their own money in property in the same oil and gas properties;

"That Robert E. Rew and James Henry Ferdon Saier, defendants herein, were accepting fractional interests in said oil and gas leases in lieu of their commissions;

"That said defendants were drilling a second oil well on the Dahlgren property at their own expense;

"That in January 1939 said defendants had brought in a commercially producing oil well on Prairie Creek property which they owned;

"That said defendants would continue to drill additional oil wells on the Prairie Creek property until five oil wells had been completed."

The indictment further states that each and every one of the representations, pretenses and promises made by the defendants, they knew to be false and fraudulent, and that they intended to make such representations to deceive and defraud their victims and to induce them to part with their money and property in the purchase

of these fractional undivided interests in oil and gas properties, and that for the purpose of executing this scheme the defendants mailed a letter to a certain named victim.

The first representation which charges that the Dahlgren lease owned by Carpenter was in "proven territory" is a sufficient allegation, as the words "proven territory" have an accepted meaning in connection with oil and gas leases. Certainly evidence can be adduced to show what the words "proven territory" mean in the oil and gas business.

If the other statements which are above quoted were falsely made by the defendants for the purpose of deceiving and defrauding the victims or were made to induce them to part with their money and the mails were used in furtherance of that scheme, the crime of using the mails to defraud was complete.

The indictment contains sufficient information to enable the defendants to prepare for trial, to meet the charges made, and in the event of an acquittal or conviction to plead the same to bar a subsequent prosecution for the same offense.

Demurrer overruled.